JOURNAL ENTRY AND OPINION
Defendant-appellant Bernard Watson appeals from the consecutive sentences and sexual predator determination following his convictions on multiple counts of rape and kidnaping.
Defendant was charged with five counts of forcible rape and three counts of kidnaping a female child. He ultimately agreed to enter guilty pleas as part of a plea bargain. The prosecution agreed to delete the use of force or threats of force language in three counts of rape. Defendant, in return, agreed to plead guilty to the three amended rape charges and the three original kidnaping charges. The remaining two rape charges were nolled.
The trial court conducted the guilty plea hearing in compliance with Crim.R. 11. Defendant pleaded guilty to the three rapes and three kidnaping and the trial court found him guilty of each charge. The court thereafter referred the matter for a presentence report and scheduled the matter for sentencing at a later date.
The matter proceeded to sentencing. Defense counsel discussed the presentence report and requested minimum concurrent sentences. He explained that defendant was high on drugs when he committed the offenses. Defendant stated he was remorseful. The prosecutor, on the other hand, requested consecutive sentences and explained the findings required by R.C. 2929.14(E)(4).
Defendant lived with the victim's mother, babysat the victim when her mother was at work, and committed the offenses on three different occasions. He knew the child had previously been sexually abused by his brother. Defendant committed the offenses while on probation for carrying a concealed weapon and had previously served a prison term for felonious assault. The prosecutor submitted medical reports to demonstrate trauma for purposes of the sexual predator determination. The victim's mother stated defendant was particularly sick because he raped her child after knowing that his brother had already abused her. Fearing for her safety, she requested a lengthy sentence.
The trial court imposed concurrent seven years imprisonment on each of the kidnaping convictions and concurrent eight years imprisonment on each rape charge. The trial court, however, ordered the rape and kidnaping sentences to be served consecutively, for a total of fifteen years imprisonment. The trial court also found defendant to be a sexual predator.
Defendant, through newly appointed appellate counsel, filed this delayed appeal, raising two assignments of error. Defendant does not challenge either his convictions or the term of imprisonment imposed for each sentence. Instead he challenges only the order that he serve the rape and kidnaping sentences consecutively and the failure of the trial court to provide formal advance written notice of the sexual predator hearing.
Defendant's first assignment of error follows:
 DEFENDANT-APPELLANT'S SEXUAL PREDATOR CLASSIFICATION IS CONTRARY TO LAW BECAUSE THE TRIAL COURT DID NOT STRICTLY COMPLY WITH THE NOTICE REQUIREMENTS OF R.C. 2950.09(B)(1) AS REQUIRED UNDER STATE V. GOWDY (2000), 88 OHIO ST.3d 387.
This assignment is well taken.
Defendant's newly appointed appellate counsel argues the trial court failed to give defendant notice that it was going to conduct a sexual predator classification hearing at the time of sentencing. The prosecution has conceded this assignment of error, and we agree that the record does not contain any indication that such a notice was given.
R.C. 2950.09(B)(1) governs the sexual predator hearing in the case at bar and provides as follows:
 (B)(1) Regardless of when the sexually oriented offense was committed, if a person is to be sentenced on or after January 1, 1997, for a sexually oriented offense that is not a sexually violent offense, or if a person is to be sentenced on or after January 1, 1997, for a sexually oriented offense that is a sexually violent offense and a sexually violent predator specification was not included in the indictment, count in the indictment, or information charging the sexually violent offense, the judge who is to impose sentence upon the offender shall conduct a hearing to determine whether the offender is a sexual predator. The judge shall conduct the hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct it as part of the sentencing hearing required by section 2929.19 of the Revised Code.
 The court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time, and location of the hearing. At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. The offender shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender. (Emphasis added.)
The facts of the case at bar appear to be indistinguishable from those in State v. Gowdy (2000), 88 Ohio St.3d 387. After quoting the emphasized language, the Gowdy Court stated:
 Giving effect to the plain language of the statute, we conclude that the notice provision of R.C. 2950.09(B)(1) demands strict compliance. *** [W]e hold that the notice requirement for sexual offender classification hearings under R.C. 2950.09(B)(1) is mandatory. Notice of the sentencing hearing is not sufficient notice of the sexual offender classification hearing. Absent compliance with the mandatory notice provision, defendant's classification as a sexual predator must be vacated and the matter remanded to the trial court for a sexual offender classification hearing with proper advance notice of the hearing issued to the parties.
Id. at 398-399.
Although the trial court may have given oral notice of the scheduled sexual predator hearing, the record does not reflect such notice. Absent an oral statement made on the record and recorded on the transcript of proceedings, or a formal journal entry communicated to the parties, we have no alternative but to reverse and remand consistent with Gowdy. Accord State v. Oberacker (Mar. 22, 2001), Cuyahoga App. No. 77876, unreported; State v. Hall (Aug. 31, 2000), Cuyahoga App. Nos. 77607 and 77608, unreported; State v. Purser (Aug. 10, 2000), Cuyahoga App. No. 76416, unreported.
Accordingly, defendant's first assignment of error is sustained.
Defendant's second assignment of error follows:
 THE TRIAL COURT ERRED SENTENCING DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES WITHOUT MAKING THE REQUISITE FINDINGS STATUTORILY REQUIRED UNDER SENATE BILL 2, R.C. 2929.14.
This assignment is well taken.
Defendant argues that the trial court failed to make the necessary findings to impose consecutive sentences on his rape and kidnaping convictions. The prosecution has conceded this error also, and we agree that the trial court did not make the necessary findings during the sentencing hearing or in its journal entry imposing sentence to warrant consecutive sentences.
R.C. 2929.14(E)(4) governs the imposition of consecutive offenses for multiple offenses and provides as follows:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Although the transcript of proceedings shows that the prosecutor addressed these requirements, and the record contained evidence to support its arguments, the trial court did not make any explicit findings concerning any of these factors. Under the circumstances, we must reverse and remand for further proceedings. E.g., State v. Bolton (May 3, 2001), Cuyahoga App. No. 78034, unreported at 3-4.
Accordingly, defendant's second assignment of error is sustained.
Judgment reversed and remanded for further proceedings consistent with this opinion.
Judgment accordingly.
This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. ______________________________________ DIANE KARPINSKI, ADMINISTRATIVE JUDGE:
KENNETH A. ROCCO, J., and ANN DYKE, J., CONCUR.